SANDERS, Justice
(dissenting).
As the majority correctly holds, Randy Carroll was in reality the named insured under the State Farm policy. See Garland v. Audubon Insurance Company, La.App., 119 So.2d 530, as explained in Rogillio v. Cazedessus, 241 La. 186, 197-198, 127 So. 2d 734, 738. Hence, under the terms of the policy, we must look to Randy’s consent to determine coverage.
Randy loaned the car to his friend, Hans Gerteis, to go on a double date. Since Randy had full knowledge that the car was to be used on a double date, at least until midnight, it was entirely foreseeable that the other boy with Hans might drive the car. Hence, since Randy imposed no restriction as to the driver, he impliedly consented to the other boy’s driving. That he did not know his name does not bar this conclusion. Under the circumstances shown, it was enough that he knew the car was to be used by two dating couples.
Having concluded that the showing of consent is sufficient, I hold that the State Farm policy provides coverage under its omnibus clause. I would therefore render judgment for the damages against State Farm Mutual Auto Insurance Company.
. For; the reasons assigned, I respectfully, dissent.